# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TIFFANY SMITH, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | Civil Action No. 4:24-cv-811 |
| | § | Judge Mazzant |
| TOWER EXTRUSIONS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion for Leave to File an Amended Answer to Plaintiffs' Original Complaint (Dkt. #31) and Defendant's Motion for Leave to Designate New Prime, Inc. d/b/a Prime Inc. as Responsible Third Party (Dkt. #38). Having considered the motions and the relevant pleadings, the Court finds that the motions should be **GRANTED** as set forth herein.

## BACKGROUND

This is a personal injury case arising from the death of Asa Eugene Parnell ("Parnell"). On July 8, 2024, Parnell and Armoni Royal ("Royal") picked up a pre-loaded flatbed trailer from Defendant Tower Extrusions, LLC's ("Defendant") Wylie, Texas location (Dkt. #1). Parnell and Royal were employees of New Prime, Inc. d/b/a Prime Inc, a commercial interstate carrier ("Prime") (Dkt. #35 at p. 1). Plaintiffs Tiffany Smith, Fred Parnell, and Rosa Parnell ("Plaintiffs")[1] allege that Defendant "illegally overloaded the trailer with thousands of pounds of aluminum" (Dkt. #1 at p. 3). Parnell and Royal allegedly reported the overweight trailer to one of Defendant's

---

[1] Tiffany Smith filed suit individually and as the representative of Parnell's estate, and as the next friend of minors T.P., G.P., and H.P. (Dkt. #1). Fred Parnell and Rosa Parnell filed suit in their individual capacity (Dkt. #1).

employees, who instructed Parnell and Royal that "it was their responsibility to unstrap the load themselves and have it fixed" (Dkt. #1 at p. 3). When Parnell and Royal were removing the straps, the load fell on Parnell, "crushing him under the weight of the aluminum" (Dkt. #1 at p. 3).

Following Parnell's death, Plaintiffs filed suit on September 5, 2024, alleging negligence and negligence per se (Dkt. #1). Defendant filed an answer, in which it asserted the defense of "contributory negligence" against Parnell (Dkt. #4 at p. 4). The Court entered a scheduling order (Dkt. #7), and the Court later granted an unopposed motion for entry of an amended scheduling order (Dkt. #15). Following the amendment, the deadline for Defendant to file amended pleadings became January 23, 2026 (Dkt. #15).

On January 23, 2026, Defendant moved to file an amended answer (Dkt. #31). The proposed amended answer asserts the defense of proportionate responsibility against Parnell, Royal, and Prime (Dkt. #31-1). Plaintiffs filed a response (Dkt. #35). In their view, even though the amendment is technically timely, Defendant should have amended its answer earlier because it possessed the information necessary to do so several months ago. Moreover, the response seems to argue that the amendment would be futile because pivotal evidence establishing Prime's culpability is inadmissible. Defendant filed a reply (Dkt. #39). There, Defendant argues that its amendment is timely, proper, and not futile.

On February 13, 2026, Defendant filed a motion for leave to designate Prime as a responsible third party (Dkt. #38). Defendant argues that sufficient facts support the submission of Prime's responsibility to the jury, that the motion for leave to designate is timely under Texas law, and, alternatively, that good cause supports amending the scheduling order to permit the designation. Plaintiffs filed a response (Dkt. #40). They argue that the motion is untimely under

2

this Court's prior rulings and that good cause does not support a modification of the scheduling order. Defendant filed a reply (Dkt. #41), reiterating its view that Texas law controls the deadline and that good cause exists to amend even if the Court's scheduling order controls.

The final pretrial conference is set for July 9, 2026 (Dkt. #15). No trial date is yet set, but the trial window of the case is August 2026.

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013) (per curiam) (unpublished). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id*. Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 868 (5th Cir. 2010) (per curiam) (unpublished) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id*. The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

3

Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (citing *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir. 1986)). A district court reviewing a motion to amend under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opponent; and (5) futility of amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court may be modified only for good cause and with the judge's consent. *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) ("[A] party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension." (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 535 (citation modified). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.* at 536.

## ANALYSIS

The Court must determine whether to grant Defendant leave to amend its answer and designate a responsible third party. The Court takes up the motion for leave to designate first, then the motion for leave to amend. Ultimately, the Court will grant both requests—while extending certain deadlines to mitigate any prejudice to Plaintiffs.

### I.        Motion for Leave to Designate Responsible Third Party

Defendant seeks leave to designate Prime—Parnell's employer—as a responsible third party. Defendant argues that the designation is timely as a matter of law because it was filed on or before the 60th day before the trial window. The argument relies on Texas Civil Practice & Remedies Code § 33.004(a), which permits the designation of responsible third parties "on or before the 60th day before the trial date" unless good cause exists to permit a later designation. Recognizing that this Court has previously rejected the application of the Texas deadline,[2] Defendant argues that the Court should reconsider its prior decisions. Alternatively, Defendant argues that good cause exists to amend the scheduling order to allow the designation.

Plaintiffs disagree on both counts. In their view, the Court should reject the motion for leave to designate as untimely under the Court's scheduling order and find that no good cause exists to amend the scheduling order.

---

[2]  In *Hayes v. Locke Supply Co.*, No. 4:22-CV-767, 2024 WL 1258369, at \*4–5 (E.D. Tex. Mar. 25, 2024), the Court concluded that Rule 16 of the Federal Rules of Civil Procedure conflicts with § 33.004's sixty-day deadline. In *Aleman v. Tex. Health Prebyterian Hosp. Flower Mound*, No. 4:24-CV-962, 2026 WL 36342, at \*4 (E.D. Tex. Jan. 6, 2026), neither party addressed whether the sixty-day deadline governs in federal court, so the Court did not revisit its holding from *Hayes*. In both cases, the Court proceeded to consider whether good cause to amend the scheduling order existed to permit an untimely designation and found that it did not. *See id.* at \*5; *Hayes*, 2024 WL 1258369, at \*6. Here, Defendant argues that both cases erroneously found a conflict between Rule 16 and state law, making its motion for leave to designate timely in this case. But because the Court finds that good case exists to amend the scheduling order even if the motion for leave to designate is untimely, this case is an inappropriate vehicle for the Court to evaluate the merits of Defendant's challenge to *Hayes* and *Aleman*.

Here, the Court need not revisit its prior rulings because good cause exists to amend the scheduling order. As a reminder, when evaluating good cause, the Court must consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

The first factor, the explanation for the delay, favors granting Defendant leave to amend. Defendant's explanation is that it did not receive discovery demonstrating Prime's responsibility until Prime complied with a subpoena on February 5, 2026 (about a week before Defendant sought leave to designate Prime). To argue the explanation is lacking, Plaintiffs attach email correspondence from Defendant showing it expressed an intent to designate Prime as a responsible third party as early as September 17, 2025. Defendant responds that, following the September email, Plaintiffs indicated that they would oppose the designation, prompting Defendant to obtain more evidence of Prime's responsibility before seeking leave to designate. Because responsible third parties are subject to motions to strike "on the grounds that there is no evidence that the designated person is responsible," TEX. CIV. PRAC. & REM. CODE § 33.004(l), the Court does not fault Defendant for obtaining more evidence of Prime's culpability before seeking leave to designate. Defendant's prompt designation following the February 5 production of discovery distinguishes Defendant from the defendants that failed to show good cause in *Hayes* and *Aleman*. This factor therefore favors granting leave to amend.

The second factor, importance of the amendment, also favors granting leave to amend because the designation of a responsible third party directly affects a party's prospect of ultimate recovery. *Hayes*, 2024 WL 125869, at *7; TEX. CIV. PRAC. & REM. CODE §§ 33.001, 33.003(a).

6

The third factor, prejudice, favors granting leave to amend, and the Court finds that any prejudice that does exist can be mitigated by extending certain deadlines. Here, Plaintiffs were on notice about Defendant's intent to designate Prime as early as September 2025, so prejudice is diminished. In addition, the motion for leave to designate was filed on February 13, 2026, before the close of discovery on April 10, 2026. *Cf. Aleman*, 2026 WL 36342, at *5 (finding that the prejudice factor favored the plaintiffs opposing designation because discovery was closed and the plaintiffs had no notice of the need to prepare a defense on behalf of responsible third parties).

The fourth factor, availability of a continuance to cure prejudice, favors Defendant, and the Court will grant limited extensions to two deadlines to address any prejudice. First, because the Court did not take up the motion for leave to designate until after the close of discovery, the Court will extend discovery for the limited purposes of investigating Prime's responsibility.[3] Second, because the dispositive motion deadline expired before Defendant sought leave to designate, the Court will extend the deadline for Plaintiffs to challenge the designation of Prime as a responsible third party. *See Guadian v. Americor Funding LLC*, 724 F. Supp. 3d 668, 671 (W.D. Tex. 2024) (explaining that Chapter 33 of the Texas Civil Practice & Remedies Code contemplates providing plaintiffs adequate time for discovery following the designation of a responsible third party to provide a basis to file a motion to strike the designation);[4] *see also Pool v. United States*, No. 3:23-

---

[3]  Defendant also seeks to investigate Prime's responsibility through discovery, but Prime filed a motion for protective order seeking to limit the discovery (Dkt. #48). The Court will take up that discovery dispute in a separate order.

[4]  A motion challenging Prime's designation may be a better vehicle for Plaintiffs' evidentiary arguments regarding Prime's responsibility. At this stage, the Court is unpersuaded that amending the answer to assert the defense of proportionate responsibility is futile because discovery could provide independent evidentiary support for Prime's responsibility. For example, the motion for protective order pending before the Court deals with a 30(b)(6) deposition of Prime's corporate representative, and evidence obtained through the deposition could provide evidence other than the OSHA report that Plaintiffs argue is inadmissible.

CV-00074-K, 2023 WL 7986338, at *4 (N.D. Tex. Nov. 17, 2023) ("The Court concludes that the Parties can complete their discovery into TxDOT's responsibility with a relaxation of the deadlines in the scheduling order and without a continuance of trial. That result is more attractive than denying the Government an important defense.").

In sum, all factors favor finding good cause to amend the scheduling order, and a holistic review of all factors persuades the Court that good cause exists. Therefore, assuming that the scheduling order controls the deadline to file a motion for leave to designate a responsible third party, the Court finds that it is warranted to permit an untimely designation in this case.

## II.    Motion for Leave to File an Amended Answer

Having determined that designating Prime as a responsible third party is appropriate, the Court will analyze whether to permit Defendant to amend its answer. *See, e.g.*, *Pool*, 2023 WL 7986338, at *4 (finding good cause to permit defendant to amend its answer after granting leave to designate responsible third party).

Here, Defendant's amended answer is timely under the Court's scheduling order, so the standard governing the motion for leave to amend is lower than the good cause standard the Court used to evaluate Defendant's request to amend the scheduling order to permit an untimely designation. *See Sapp*, 406 F. App'x at 868 (explaining that Rule 15(a) sets a more liberal standard than Rule 16(b), which governs the amendment of pleadings after the scheduling order deadline). Because the Court has already determined that good cause exists to designate Prime, the Court finds that the lower Rule 15(a) standard is satisfied—at least when it comes to adding Prime's proportionate responsibility as a defense.

But Defendant's amended answer makes other additions. The amended answer asserts the defense of proportionate responsibility against Royal, Parnell's co-worker (*See* Dkt. #31-1 at p. 4

8

("[Defendant] also seeks a reduction of damages, if any, that may be awarded against it by the percentage of responsibility found as to Asa Eugene Parnell, Armoni Royal, New Prime, Inc., and/or other appropriate persons/entities.")).

However, in the motion for leave to designate, Defendant expressly rejects the notion that it is "designating Armani Royal as a responsible third party as Plaintiffs claim" (Dkt. #39 at p. 3). Defendant represents that it "is only designating Parnell's employer, Prime" (Dkt. #39 at p. 3). The Court therefore considers the request to amend the answer to assert Royal's proportionate responsibility withdrawn.[5]

Finally, the amended answer invokes the "limitations on evidence relating to certain economic damages set forth in Chapter 41 of the Texas Civil Practice & Remedies Code" and asserts that "Plaintiffs' damages and evidence are barred or limited under Chapter 41 of the Texas Civil Practice and Remedies Code" (Dkt. #31-1 at p. 5). While the Court questions whether Chapter 41's limitations are a defense that must be pleaded, *see Salinas v. State Farm Fire & Cas. Co.*, No. CV B-10-194, 2011 WL 13254062, at *9 (S.D. Tex. Dec. 27, 2011) ("Texas law is somewhat conflicted as to whether the statutory cap on damages under Chapter 41 is an affirmative defense."), Plaintiffs opposition focuses on the proportionate responsibility of Royal and Prime and provides no particular arguments regarding Chapter 41. Because of that—and because this is

---

[5] The Court also considers the request to assert a proportionate responsibility defense against "other appropriate persons/entities" withdrawn, since Defendant is "only" designating Prime. As to the request to amend the answer to assert Parnell's responsibility, the Court will allow the amendment because Defendant's original answer alleged "contributory negligence" against Parnell. *Cf. Sierra v. JST Transportes S.A. De C.V.*, No. 5:24-CV-30, 2025 WL 3764079, at *2 n.2 (S.D. Tex. Sept. 26, 2025) ("The term 'contributory negligence' is outdated under Texas law, as it was replaced some time ago by the statutory proportionate responsibility scheme under Chapter 33 of the Texas Civil Practice & Remedies Code. Regardless, the Court will use the term 'contributory negligence' in this Order for the sake of consistency with Defendants' pleading . . . .").

Defendant's first amended pleading and the motion for leave to amend was timely—the Court sees no substantial reason to avoid freely granting leave to amend under Rule 15(a).

The Court will therefore permit Defendant to file an amended answer asserting the defense of proportionate responsibility against Prime as well as Chapter 41's limitations.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Leave to File an Amended Answer to Plaintiffs' Original Complaint (Dkt. #31) is hereby **GRANTED** as set forth herein, and Defendant's Motion for Leave to Designate New Prime, Inc. d/b/a Prime Inc. as Responsible Third Party (Dkt. #38) is hereby **GRANTED** as set forth herein.

It is further **ORDERED** that Defendant's Amended Answer to Plaintiffs' Original Complaint (Dkt. #32) is deemed filed and the operative answer.

It is further **ORDERED** that Plaintiffs may conduct discovery related to Prime's responsibility until **May 26, 2026**.

It is further **ORDERED** that Plaintiffs may challenge Prime's designation as a responsible third party by **June 8, 2026**.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of April, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE